IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| MARGARET HENDERSON, | * |
| PLAINTIFF, | * |
| VS. | * CIVIL ACTION NO.: 17-CV-_____ |
| LABORATORY CORPORATION OF AMERICA HOLDINGS, | * |
| | * |
| DEFENDANT. | * |
| | * |

## COMPLAINT

### Parties

1.     Defendant Laboratory Corporation of America Holdings ("LAB-CORP") is a Delaware Corporation doing business in Jefferson County, Alabama. LABCORP'S principal place of business is located in Burlington, North Carolina.

2.     LABCORP is an "employer" as defined by 29 U.S.C. § 630(b) and is thus covered by the Age Discrimination in Employment Act of 1967 ("ADEA"), as amended (codified at 29 U.S.C. § 621 et seq.).

3.     Plaintiff Margaret Henderson ("Henderson"), who is a resident of Jefferson County, Alabama, was sixty-five years of age at the time of the matters complained of and is an individual protected by the ADEA.

1

## Jurisdiction

4.  Henderson invokes the jurisdiction of this Court pursuant to 28 U.S.C. § 1331, 29 U.S.C. § 626(c)(1), and 28 U.S.C. § 1343(a)(4). Henderson's claim arises under the ADEA, as amended (codified at 29 U.S.C. § 621 et seq.).

## Venue

5.  Venue is properly laid within this District under 28 U.S.C. § 1391(b)(1) & (2) and 28 U.S.C. § 1391(c)(2), because the acts complained of by Henderson, or a substantial part of the events giving rise to Henderson's claims, were committed or occurred within this District and alternatively because LABCORP is a resident defendant in this District for purposes of venue.

## Statement of Claim

6.  Henderson is a microbiologist who received the degree of Bachelor of Science in Biology from Jacksonville State University in 1972 and was employed by LABCORP in the capacity of manager of the microbiology and molecular biology departments in LABCORP'S Birmingham laboratory at the time relevant to this complaint.

7.  Henderson had managed these departments since 1990.

8.  From 1990 to 2011, Henderson had also managed the departments of anatomic pathology and cytology, and from 1990 to 2012, the departments of im-

munology and serology in addition to the department of microbiology and molecular biology.

9.  Henderson had worked in these and various other positions at LABCORP for over forty-two continuous years beginning November 19, 1973, until she was discharged by LABCORP on April 13, 2016.

10.  Henderson was not immediately replaced.

11.  Jennifer Clement ("Clement"), another employee of LABCORP, applied for Henderson's position after Henderson was terminated.

12.  At age sixty-one at the time relevant to this complaint, Clement is considered substantially younger than Henderson for purposes of the ADEA under the precedent of the Eleventh Circuit.

13.  Clement was initially told by Ethel Pujols ("Pujols"), the LABCORP employee who fired Henderson, that Clement was not qualified for Henderson's former position, and Clement's application was initially denied by LABCORP.

14.  On June 24, 2016, Henderson timely filed a charge with the Equal Employment Opportunity Commission ("EEOC") alleging discrimination, including discrimination based on age.

15.  After the filing of this charge, Clement was offered Henderson's former position and now holds that position.

16.   On March 7, 2017, the EEOC issued Henderson a notice of her right to sue.

17.   Henderson's discharge was because of Henderson's age in violation of the ADEA in that she was sixty-five at the time of her discharge; she was qualified for her position by education, experience, and her long years of service with LABCORP; and she was replaced by a substantially younger person.

18.   The LABCORP employee who fired Henderson, Pujols, who was forty-eight at the time of Henderson's termination, had made ageist remarks to Henderson in close proximity to the date of Henderson's termination on April 13, 2016, such as one in January, 2016, that "I [Pujols] am looking for a younger 'you' [referring to Henderson]" with reference to the search for an open laboratory supervisor position, and in December, 2015, that "I hope I am like you [Henderson] when I get to be your age."

19.   In February, 2016, a laboratory management staff conference was held in Tampa, Florida, to make strategic plans for the coming year. Despite being a laboratory manager, Henderson was not invited to this conference although other laboratory managers were invited. All of the invited managers were younger than Henderson.

20. Lynn Metcalf ("Metcalf"), who is General Manager of LABCORP'S Birmingham laboratory, told Henderson immediately after Henderson was fired by Pujols that Metcalf had refused to fire Henderson.

21. When Henderson called Theresa Burke ("Burke"), the Birmingham laboratory's director of human resources, concerning Henderson's final check, Burke told Henderson that everybody "hates H[uman] R[esources]" and that nobody "will talk to us because they think we fired you."

22. LABCORP'S Birmingham microbiology department was the most efficient of its microbiology departments on a company-wide basis for the eight months prior to Henderson's termination according to LABCORP'S internal monthly metrics, consistently outranking Burlington, Dallas, Denver, Dublin, Houston, Phoenix, Raritan, San Diego, Tampa, San Antonio, and Seattle.

23. LABCORP'S Birmingham microbiology department maintained this efficiency despite the Birmingham laboratory being understaffed by as many as ten to eleven employees according to LABCORP'S internal monthly metrics for determining the appropriate staffing levels for its laboratories.

24. None of LABCORP'S other laboratories had staffing deficiencies of this magnitude.

25. In March, 2016, the month before she was fired, Henderson received a bonus for her performance in the year 2015 based in part on the volume of the

work the microbiology department handled as well as her implementation of new instruments for the department.

26. Henderson has satisfied all of the procedural and administrative requirements set forth in 29 U.S.C. § 626, in that she timely filed her charge with the EEOC and has timely filed this complaint within 90 days of receiving her notice of right to sue from the EEOC as set forth in paragraphs 14 and 16 above.

27. Henderson has suffered, is now suffering, and will continue to suffer irreparable injury as a result of LABCORP'S actions.

WHEREFORE, Henderson prays for the following legal and equitable remedies:

a. Award Henderson compensatory damages for the earnings and benefits lost by Henderson from April 13, 2016, to the day of the entry of judgment as well as liquidated damages to the extent that LABCORP'S conduct is found to be willful;

b. Order LABCORP to reinstate Henderson in Henderson's rightful position and retroactively restore Henderson the benefits of her employment, or, if reinstatement is impracticable, order payment of appropriate compensation for the time Henderson would have remained at LABCORP had she not been terminated;

c. Award Henderson costs and reasonable attorneys' fees;

d. Award any other relief that this Court may deem just and proper.

Henderson hereby demands a trial by jury.

>Respectfully submitted,
>
>/s/ Robert G. Boliek, Jr.
>Robert G. Boliek, Jr.   ASB-1622-B29R
>
>*Attorney for Plaintiff*

OF COUNSEL:
Robert G. Boliek, Jr.
Attorney at Law
2024 Third Avenue North, Suite 304
Birmingham, AL  35203
Phone: 205.979.6500
robert@bolieklaw.com


**PLEASE SERVE DEFENDANT BY CERTIFIED MAIL AT THE FOLLOWING ADDRESS:**

Laboratory Corporation of America Holdings
c/o Registered Agent, Corporation Service Company, Inc.
641 South Lawrence Street
Montgomery, AL  36104